(No. 2990—)

THE STOTLAR-HERRIN LUMBER COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 10, 1937.*

Claimant, pro se.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

In accordance with the requirements of The Business Corporation Act of this State, claimant filed in the office of the Secretary of State its annual report for the years 1934, 1935 and 1936. Each of such annual reports set forth that the corporation had a stated capital of $100,000.00. Each of such reports also set forth the paid-in surplus of the corporation which was stated to be as follows, to wit: for the years 1934 and 1935, $165,982.67; and for the year 1936, $156,308.33. In each of such years the Secretary of State assessed a franchise tax in accordance with the statute, based upon stated capital and paid-in surplus as set forth in the aforementioned annual reports, and the tax as so assessed was duly paid by the claimant.

Claimant now contends that it "placed an incorrect interpretation on the meaning of the words "paid in surplus;" that a matter of fact, said corporation had no paid-in surplus during any of such years; that the amount set forth in the several reports as paid-in surplus, was in fact earned surplus and not paid-in surplus as therein stated; that by reason of its error, claimant was required to pay the total sum of $244.14 in excess of what it should have paid for the years mentioned, and it therefore asks for a refund of the amount of the excess so paid.

The facts with reference to the amount of claimant's paid-in surplus were peculiarly within the knowledge of the claimant. Claimant made no objection to the assessment and made no request for a hearing thereon, as it had the privilege of doing, under the terms and provisions of Section 143 of The Business Corporation Act.

The question here involved was fully considered by this court at the present term in the cases of *Butler Company* vs. *State,* No. 2500, and *Western Dairy Co.* vs. *State,* No. 2916. In those cases we held in substance as follows:

1. Where an excessive tax is paid voluntarily and with a full knowledge of the facts, it cannot be recovered;

2. When the statute provides a remedy for the taxpayer and he fails to take advantage thereof, he cannot claim that the tax was involuntarily paid; and in the latter case, as follows:—

3. Where an excessive tax is assessed by reason of the negligence or inadvertence of the taxpayer and thereafter paid by him, such payment is not made under a mistake of facts, and cannot be recovered.

Under the rule laid down in the cases referred to, the claimant is not entitled to an award.

Award is therefore denied and the case dismissed.